**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN JOYNER,

    Plaintiff,

vs.                                Case No. 3:06-cv-49-J-HTS

JO ANNE B. BARNHART,
Commissioner of the
Social Security
Administration,

    Defendant.

_____

## OPINION AND ORDER[1]

### I. Status

John F. Joyner is appealing the Social Security Administration's denial of his claim for Disability Insurance Benefits and Supplemental Security Income. His alleged inability to work is based on "arthritis [of the] lumbo-s[ac]ral spine with nerve impingement[.]" Transcript of Administrative Proceedings (Tr.) at 59 (capitalization omitted). Plaintiff was found not disabled by Administrative Law Judge (ALJ) Robert Droker in a

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #13).

Decision entered on July 1, 2005. Tr. at 12, 17, 18 (Finding 13). Mr. Joyner has exhausted the available administrative remedies and the case is properly before the Court.

Plaintiff raises a single issue. He argues "[t]he ALJ explicitly rejected [his] credibility with no evidentiary basis for doing so." Plaintiff's Memorandum of Law in Opposition to the Commissioner's Decision Denying Plaintiff Disability Insurance Benefits (Doc. #16; Memorandum) at 10.

## II. Legal Standard

This Court reviews the Commissioner's final decision as to disability[2] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if . . . supported by 'substantial evidence[.]'" *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Despite the

---

[2] "Disability" is defined in the Social Security Act as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A). An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy. *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

existence of support in the record, the ALJ's determination may not be insulated from remand when he or she does not provide a sufficient rationale to link such evidence to the legal conclusions reached. *See Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III. Discussion

Claimant urges the ALJ "failed to give adequate reasons as to why he di[s]credited [his] pain testimony." Memorandum at 15. The regulations recognize "[p]ain or other symptoms may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone[.]" 20 C.F.R. §§ 404.1545(e); 416.945(e); *see also Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam). The standard in the Eleventh Circuit for evaluating the Commissioner's treatment of pain testimony has been articulated as follows:

> The [Commissioner] must consider a claimant's subjective testimony of pain if she finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); *see also Eckert v. Comm'r of Social Security*, 152 F. App'x 784, 790 (11th Cir. 2005) (per curiam); SSR 96-7p (outlining how subjective complaints are to be evaluated). "A claimant's subjective

testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote*, 67 F.3d at 1561.

"After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence. If the ALJ refused to credit subjective pain testimony where such testimony is critical, he must articulate specific reasons for questioning the claimant's credibility." *Marbury*, 957 F.2d at 839 (citation omitted). "Failure to articulate the reasons for discrediting subjective [pain] testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam).

While the ALJ did not apply the pain standard verbatim, he did acknowledge the dictates of 20 C.F.R. §§ 404.1529 and 416.929, and SSR 96-7p. Tr. at 15. His credibility analysis then proceeded as follows:

> The claimant testified that he suffers from constant severe back pain, shortness of breath and arthritis. The claimant stated that he is unable to work due to an inability to sit, stand or walk. He asserted that he does not vacuum, sweep, squat, bend or take out the trash. The claimant estimated that he is able to walk fifteen to twenty minutes [and] sit two to three hours with breaks. However, the claimant admitted that he washes dishes, does the laundry, cooks simple meals, fishes, occasionally hunts and dresses himself. The claimant indicated that he drives and is able to lift up to twenty-five pounds. On September 22, 2003, Dr. Mehrotra[] observed that the claimant exhibited normal knee, ankle, elbow, wrist, hand and left shoulder motions

>   with no evidence of muscle hypertrophy or dexterity problems[.]

*Id.* The judge found "the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision." *Id.* at 17 (Finding 5). As the ALJ articulated reasons for not fully crediting Plaintiff's subjective complaints, it must be determined whether his assessment is supported by substantial evidence.

The ALJ evaluated Plaintiff's daily activities when he weighed the complaints of pain. *See id.* at 15. "[D]aily activities are a valid consideration for determining disability status in conjunction with other presented evidence." *Green v. Apfel*, No. CIV. A. 97-3108, 1999 WL 179470, at *5 (E.D. La. Mar. 26, 1999); *see also Webster v. Barnhart*, 343 F. Supp. 2d 1085, 1087 n.5 (N.D. Ala. 2004) (Among the "factors the court considers in evaluating whether pain is disabling are attempts to find relief from pain, willingness to try treatment, regular contact with a doctor, and daily activities.") (quoting *Glenn v. Apfel*, 102 F. Supp. 2d 1252, 1258 (D. Kan. 2000)); *Luper v. Apfel*, No. CIV. 99-1494-FR, 2000 WL 1372836, at *8 (D. Or. Sept. 8, 2000) ("'[I]f a claimant is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that [are] transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain.'") (quoting

*Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)) (alterations in original).

At the administrative hearing, Plaintiff testified he loads the laundry, cooks simple meals, and shops for groceries about once a month (but does not carry the packages). Tr. at 155, 158. He also indicated that he bathes and dresses himself, but described having difficulty at times with his socks. *Id.* at 160; *see also id.* at 86 ("I have trouble putting on shoes [and] tying laces because I can't bend over."). Other household chores, such as making the bed, vacuuming, sweeping, mopping, taking out the trash, doing yard work, and carrying the groceries into the house from the car are performed by his mother, son, and next-door neighbor. *Id.* at 155-56, 158-59. He reported hunting twice and fishing at least once in the previous year. *Id.* at 157-58. The ALJ did not inquire into the duration of these hunting or fishing trips or into how much sitting, standing, or walking they required, although Claimant noted he fished from a bank rather than from a boat. *Id.* at 158. In his Decision, the ALJ stated "claimant indicated that he . . . is able to lift up to twenty-five pounds." *Id.* at 15. However, Mr. Joyner actually testified he can pick up and carry "[m]aybe 20 to 25 pounds at the most[,]" but that when he tries to do so, his "legs go numb and fall asleep." *Id.* at 164.[3] The judge failed to

---

[3] Additionally, Mr. Joyner indicated he might be able to lift 40 pounds, but was unable to carry it. *Id.* At another point in the hearing, when asked how much weight he could lift, he began by answering "I'm scared to lift

- 6 -

ask what amount of weight Plaintiff could lift without experiencing any numbness in his legs.

These limited daily activities are not necessarily inconsistent with Mr. Joyner's contention he is unable to work. "The Eleventh Circuit has rejected the idea that 'participation in everyday activities with short duration, such as housework or fishing, disqualifies a claimant from disability . . . .'" *White v. Barnhart*, 340 F. Supp. 2d 1283, 1286 n.8 (N.D. Ala. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997)) (also stating that daily activities such as taking care of personal hygiene, cooking, housework, and occasional driving did not show the plaintiff could work). Here, Plaintiff's activities appear generally to be of short duration and most take place within his home. There was no testimony relating to daily activities that would undermine his allegation that he suffers from disabling pain of such a degree as to prevent him from performing full-time competitive work. Thus, this reason for discrediting his testimony was not supported by substantial evidence.

Further, the ALJ placed emphasis on "Dr. [Badri] Mehrotra['s] observ[ation] that the claimant exhibited normal knee, ankle, elbow, wrist, hand and left shoulder motions with no evidence of muscle hypertrophy or dexterity problems[.]" Tr. at 15. Given

---

--" but the rest of his answer was not recorded in the transcript. *Id.* at 153.

that the basis of Claimant's application for benefits is "arthritis [of the] lumbo-s[ac]ral spine with nerve impingement[,]" *id.* at 59 (capitalization omitted), it is unclear how a lack of irregularities in other parts of his body bears on his credibility with respect to back pain allegations. Furthermore, in the same report, Dr. Mehrotra found Mr. Joyner "has marked tenderness in the lumbar spine" and that his "[r]ight hip is painful; abduction: limited to 30°, adduction: 20°, extension: 0°, flexion: 30°[.]" *Id.* at 126. The doctor's diagnostic impressions were "[m]orbid obesity[; p]osttraumatic arthritis [of the l]umbosacral spine [w]ith some suggestion of radiculopathy[; and a]rthritis [of the r]ight hip[, c]ervical spine[, and r]ight shoulder."[4] *Id.*

On remand, the credibility of Claimant's subjective complaints must be re-evaluated and reasons supported by substantial evidence shall be set forth if his testimony is to be discounted.

---

[4] In addition, there is other objective medical evidence in the record that at least arguably supports Plaintiff's pain assertions. *See, e.g., id.* at 97 (March 31, 1999, MRI indicating "[p]rominent degenerative disc change with narrowing of the disc space and posterior bulging of disc seen at L4-5 which is felt secondary to spondylolysis at that level . . . . There is a transitional vertebra involving partial sacralization of L5."); *id.* at 103 (April 24, 2003, MRI revealing "degeneration of the L4-5 disk with circumferential annular disk bulge effacing the ventral aspect of the thecal sac. There is moderate bilateral foraminal stenosis and mild acquired central canal stenosis secondary to concentric annular bulge, anterolisthesis and degenerative facet arthropathy. . . . Transitional vertebra with probable partial sacralization of the L5 vertebra.")(capitalization omitted); *id.* at 123 (test results from September 18, 2003, indicating "[di]sc-space narrowing at L4-5 and L5-S1. Spondylolisthesis of L4 on L5, grade I. This may be on the basis of facet degeneration."); *id.* at 109, 113 (May 15, 2003, report diagnosing "[l]umbar degenerative disc disease, L4-L5[,]" "[d]iscogenic pain[,]" "[l]umbar spondylosis, L4 L5[,]" and "[l]umbar radiculitis").

The Court does not intend to suggest Plaintiff is, in fact, disabled. Ultimately, the record may support the conclusion that Mr. Joyner's subjective complaints are not supported by the evidence. However, clear and specific reasons for such a finding should be set forth.

## IV.  Conclusion

In accordance with the foregoing, it is hereby **ORDERED:**

The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3) **REVERSING** the Commissioner's decision and **REMANDING** this matter with instructions to: 1) re-assess Plaintiff's subjective complaints in a manner consistent with this opinion and, if his testimony is to be discounted, provide reasons therefor supported by substantial evidence; and 2) conduct any other proceedings deemed proper.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of November, 2006.

/s/        Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
    and pro se parties, if any